UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Case No. 4:09-cr-225-TLW |
| vs. | ) | |
| | ) | ORDER |
| Shawn Cato, | ) | |
| | ) | |

This matter is before the Court on the Defendant's <u>pro se</u> motion, filed on August 16, 2010, to modify or reduce his sentence pursuant to the Fair Sentencing Act of 2010. (Doc. # 48). Although defendant's motion was filed on the forms for a Petition under Title 28, United States Code Section 2255, upon review it was docketed as a Motion under Title 18, United States Code, Section 3582, asking that his sentence imposed on October 27, 2009, be reduced because of the Fair Sentencing Act of 2010. On January 4, 2011, the government filed a response in opposition to defendant's motion. (Doc.# 53).

This Court previously sentenced the Defendant on October 27, 2009, to a total aggregate sentence of one hundred twenty months,[1] and the judgment was entered accordingly on November 19, 2009. In the present motion, Defendant requests the Court to give retroactive effect to the Fair Sentencing Act of 2010[2] which narrowed the gap in sentencing between crack cocaine and powder cocaine by raising the threshold quantity for imposition of a 5-year mandatory minimum sentence

---

[1]This term consisted of sixty (60) months as to Counts 2 and 3, with such terms to run concurrently. In accordance with statute, the defendant was sentenced to a term of sixty (60) months consecutive as to Count 4. The resulting total aggregate sentence was one hundred twenty (120) months.

[2]Pub. L. No.111-220, 124 Stat. 2372 (August 3, 2010).

1

from five (5) grams of crack cocaine to twenty-eight (28) grams of crack cocaine; and by raising the threshold quantity for imposition of a 10-year mandatory minimum sentence from fifty (50) grams of crack cocaine to two hundred eight (280) grams of crack cocaine.

A judgment of conviction that includes a sentence of imprisonment is generally considered a final judgment for all purposes. There are very limited circumstances which allow a court to modify a term of imprisonment. 18 U.S.C. § 3582(b), (c). Those limited circumstances only allow a court to modify a term of imprisonment if "the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). In this case, the Director of the Bureau of Prisons has not filed any motions. The Government has not filed a Rule 35 motion and has opposed the Defendant's motion. The Fair Sentencing Act is not a statute which expressly permits the court to modify a sentence; in fact, it does not state that it applies retroactively to defendants whose offense conduct occurred before its effective date of August 3, 2010. United States v. Wilson, No. 10-4160, 2010 WL 4561381, at *2 (4th Cir. Nov. 12, 2010); United States v. Nelson, No. 09-4297, 2010 WL 4676614 at*1 (4th Cir. Nov. 18, 2010); United States v. Carradine, 621 F.3d 575 (6th Cir. 2010); United States v. Gomes, 621 F.3d 1343 (11th Cir. 2010). The Savings Clause of 1 U.S.C. § 109[3] requires the Court to apply the penalties in place at the time the crime was committed unless the new statute expressly provides for retroactive application. See Carradine, 621 F.3d at 580. The FSA does not contain any provision that the law

---

[3]"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

is retroactive. The Fourth Circuit has indicated that the FSA is not retroactive. See, U.S. v. Pearson, 2011 WL 807397, *1 (4th Cir. 2011). Therefore, the penalty provisions at the time the crime was committed apply.

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission**." (Emphasis added). The applicable policy statement is found in U.S.S.G. § 1B1.10(a). This section provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582 is not consistent with this policy statement and thus not authorized.

The Fourth Circuit has held that only amendments listed in § 1B1.10(c) may be the subject of a motion under 18 U.S.C. § 3582(c)(2). See United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004). As of the date of this order, the amendment to the guidelines which was mandated by the FSA (Amendment 748) is not listed in U.S.S.G. § 1B1.10(c). Therefore, a reduction of the Defendant's sentence is not consistent with any policy statement by the Commission.[4]

---

[4]Additionally, the Commission does not have authority to give temporary, emergency amendments retroactive effect. Section 8 of the Fair Sentencing Act, referencing the procedure set forth in section 21(a) of the Sentencing act of 1987 (28 U.S.C. 994 note), does not empower

3

For the reasons stated above, the court finds that the Defendant has not set forth a sufficient basis to warrant a modification or reduction in his sentence, and therefore, to the extent that the motion is a motion pursuant to 18 U.S.C. § 3582, the motion is hereby **DENIED**. (Doc. # 48).

The Defendant has also filed a Motion for Reconsideration under Fed. R. Civ, Proc. 59(e) citing Castro v. U.S., 540 U.S. 375 (U.S. 2003). However, as this Court has not recharacterized a motion that a *pro se* federal prisoner has labeled differently as a request for habeas relief under 28 U.S.C. § 2255, but rather has done the reverse, and recharacterized what was filed as a 28 U.S.C. § 2255 petition as a 18 U.S.C. § 3582 motion based on the relief requested in attempt to avoid adverse consequences to defendant, the Court does not believe that Castro is implicated. However, if Petitioner wishes to pursue this filing as a 28 U.S.C. § 2255 Petition he should be aware that any subsequent motion under § 2255 will be subjected to the restrictive conditions that federal law imposes upon a "second or successive" (but not upon a first) federal habeas motion. Section 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

---

the Commission to make the revised guidelines retroactive. "Ordinarily, the Commission must submit proposed guidelines or amended guidelines to Congress for approval by May 1. 28 U.S.C. Section 994(p). Under normal circumstances, the proposed guidelines or amended guidelines will not take effect until November 1, after being approved by Congress. Id. Section 21 simply provides a vehicle to forego Congressional review and enact temporary guidelines or make temporary amendments under the three 'emergency' circumstances enumerated in section 21(a)(1)-(3). *"* United States v. DeLeon, 330 F.3d 1033, 1037 (8th Cir. 2003). Agencies are not empowered to establish retroactive regulations "unless that power is conveyed by Congress in express terms." Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988).

**(1)**     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

**(2)**     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)

Additionally, Petitioner should be aware of the time limitations discussed in 28 U.S.C. § 2255(f) with regards to filing a 28 U.S.C. § 2255 Petitions. The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that § 2255 motions have a one-year limitation period. Specifically, the rule reads:

(f)     A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
**(1)**     the date on which the judgment of conviction becomes final;
**(2)**     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
**(3)**     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
**(4)**     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)

If petitioner wishes to have this motion re-docketed as a 28 U.S.C. § 2255 petition, he shall so advise the Court within 30 days of the date of this Order. In conjunction with this ruling, if defendant wishes to pursue this filing as a 28 U.S.C. § 2255 petition, his motion for leave to file a memorandum in support is likewise **GRANTED** and any such memorandum shall be filed within 30 days of the date of this Order (Doc. # 49). In light of the Court's decision to allow Petitioner to

5

notify the Court if he wishes to pursue this filing as his initial 28 U.S.C. § 2255 Petition, the Court

finds that the Motion for Reconsideration is now **MOOT**.  (Doc. # 54).

      **IT IS SO ORDERED.**

s/ Terry L. Wooten         
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

March 31, 2011
Florence, South Carolina